UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY BURRIS, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:17-CV-573-RLM-MGG |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

OPINION AND ORDER

Randy Burris, Jr., a *pro se* prisoner, filed a habeas corpus petition to challenge the revocation of his parole in connection with his 2006 conviction for aggravated robbery. Before the court can consider a habeas corpus petition challenging a state proceeding, the petitioner must have presented his claims to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). If a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and Ward v. Ind. Parole Bd., 805 N.E.2d 893 (2004). Mr. Burris's federal

habeas corpus petition indicates that he hasn't presented his claims to any state court in any proceeding, so he hasn't exhausted his state court remedies and this case must be dismissed without prejudice so that he can exhaust these claims in the state courts. If, after presenting his claims to the Indiana Supreme Court, he hasn't yet obtained relief, he may return to federal court and file a new federal habeas corpus petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The claim Mr. Burris presents is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court DISMISSES this case WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted and DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED: July 27, 2017.

        /s/ Robert L. Miller, Jr.
Judge
United States District Court